Bret D. Lewis, Esq. [SBN 166819]
12304 Santa Monica Blvd., Ste 107A
Los Angeles, CA 90025
Tel (310) 207-0696
Fax (310) 362-8424
Email: Bretlewis@aol.com

Attorney for Alfred H. Siegel, Chapter 7 Trustee
Of the Bankruptcy Estate of Mark Alan Shoemaker

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>Mark Alan Shoemaker,<br><br>Debtor,<br><br>Alfred H. Siegel, Chapter 7 Trustee<br><br>Plaintiff,<br><br>vs.<br><br>David Bennett and William Boren,<br><br>Defendants. | Case No.: 1:14-15182-GM<br>Chapter 7<br><br>Adv. Case No.<br><br>COMPLAINT FOR:<br><br>(1) Unjust Enrichment<br>(2) Money Had and Received |

COMES NOW Plaintiff Alfred H. Siegel, Chapter 7 Trustee ("Plaintiff"), alleges as follows:

**Jurisdiction and Venue**

1.   This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334.

1

2.    This action is a core proceeding under 28 U.S.C. §157(b)(2)(A), (C), (E), (F), (K) and (O).

3.    Venue in this Court is proper pursuant to 28 U.S.C. §1409, as this adversary proceeding arises under and in connection with a case under Title 11 which is pending in this District.

### Parties

4.    Mark Alan Shoemaker ("Debtor") commenced the above-captioned bankruptcy case (the "Case") by filing a voluntary petition for relief under Chapter 7 of 11 U.S.C. § 101 et seq. on May 25, 2010.

5.    Alfred H Siegel was duly appointed as the chapter 7 trustee (the "Trustee") in the Case on or about May 25, 2010.

6.    Defendant David Bennett is an individual residing and doing business in Southern California area of Los Angeles and Orange County.

7.    Defendant William Boren is an individual residing and doing business in Southern California area of Los Angeles and Orange County.

### First Claim - Unjust Enrichment
### (Against Defendants David Bennett and William Boren)

8.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 7 as though fully set forth herein.

9.    On January 25, 2008, Debtor formed a business called Advocate For Fair Lending, LLC ("Advocate") for the purpose of providing "econometric analysis" for mortgage loans.

10.    Advocate was developed based upon Debtor's research, business and legal experience. Advocate was an auditing firm, and not a company that negotiated loan modifications. At all times relevant, Debtor was a licensed attorney practicing since 1988, a licensed Real Estate Broker since 2006, and holding a Master's in Business Administration.

11. Defendants gained the confidence of Debtor in the early stages of the development of Advocate. Defendants represented to Debtor and held themselves out as desiring to assist Debtor in developing the Advocate business model.

12. Defendants never had the intent of assisting Debtor develop Advocate. Defendants' intent was to learn Debtor's business model and develop a competing business using the theories and strategies developed by Debtor. At all times relevant, none of the Defendants held any professional licenses and had never owned or operated a business that legally performed real estate, legal or economics services.

13. The business developed by Defendants using Debtor's business model was also called Advocate For Fair Lending (hereafter "False Advocate") and a companion business called Saving the American Dream ("STAD").

14. When Debtor discovered Defendants' true intent, Debtor terminated all association with Debtors and discovered that Defendants had:

   a. Transferred $145,000 from Advocate accounts;

   b. Used the name of False Advocate to compete, usurp Advocate;

   c. Used the business model of Advocate developed by Debtor.

   d. Converted and refused to relinquish the domain name of www.advocateforfairlending.com.

   e. Engaged in a slanderous and defamatory campaign against Advocate and Debtor to discourage and shift business from Advocate to False Advocate and STAD.

15. Due to Defendants fraud, conspiracy, bad faith and unfair business tactics, Defendants generated over $4 million dollars in revenue using False Advocate's name, business model, theories, brand and strategies.

16. To the extent that Defendants received the benefit of over $4 million dollars due to their fraudulent, bad faith and conspiratorial actions, Defendants have been unjustly enriched at the expense of the Debtor, and Defendants receipt of over $4 million dollars benefit is an unjust retention of such benefit at the expense of the Debtor and is an

1 | injustice which requires restitution since under the circumstances it is unjust for
2 | Defendants to retain the $4 million.
3 | 17.  Defendants retention of the $4 million is inequitable and unjust. Plaintiff is
4 | entitled to a constructive trust against Defendants, an accounting and equitable lien
5 | ordered against Defendants. Plaintiff is entitled to recover from Defendants $4 million,
6 | plus interest at the legal rate, subject to proof at trial.

### Second Claim – Money Had and Received
### (Against Defendants David Bennett and William Boren)

9 | 18.  Plaintiff realleges and incorporates by reference Paragraphs 1 through 17 as
10 | though fully set forth herein.
11 | 19.  Defendants received money that belonged to Debtor's due to the use of the name
12 | of Advocate and the use of Advocate's business model, business strategies and branding.
13 | 20.  Plaintiff is informed and believes and thereon alleges that Defendants were paid $
14 | million for the use of Advocate's business model, business strategies and branding.
15 | 21.  Defendants became indebted to Debtor's in the sum of $4 million for money had
16 | and received by said Defendants for the use and benefit of Debtor for the use of
17 | Advocate's business model, business strategies and branding.
18 | 22.  Plaintiff is entitled to a judgment of an amount of $4 million, plus interest at the
19 | legal rate, subject to proof at trial.
20 | ///
21 |
22 | ///
23 |
24 | ///
25 |
26 | ///
27 |
28 | ///

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. On the First Claim: $4 million, subject to proof at trial, imposition of a constructive trust, order of an accounting and imposition of an equitable lien;

2. On the Second Claim: $4 million, subject to proof at trial;

3. On All Claims:

    a. Pre-judgment and post-judgment interest at the legal rate according to proof;

    b. Costs of suit;

    c. Such further relief as the Court deems proper.

Dated: November 26, 2014

                       /s/ Bret D. Lewis
                       Bret D. Lewis, Esq.
                       Attorney for Plaintiff Alfred H. Siegel, Chapter 7 Trustee for the Bankruptcy Estate of Mark Alan Shoemaker